**Jusic ADMIR, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 04–4287–ag.

United States Court of Appeals, Second Circuit.

May 3, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Visuvanathan Rudrakumaran, New York, New York, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Leon Patton, Assistant United States Attorney, Kansas City, Kansas, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Admir Jusic, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Paul A. DeFonzo's opinion denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 n. 7 (2d Cir.2004).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably found that Jusic was inconsistent in his statements concerning how many times Serbian police came to his home to coerce him into serving in the military because he stated (1) in his asylum application that the police searched for him once, (2) in his testimony on direct examination that the police searched for

him twice, and (3) in his asylum interview and cross-examination testimony that they searched for him three times. Additionally, we find that the IJ reasonably relied on inconsistencies between Jusic's testimony and a letter of support from one of his relatives, a discrepancy concerning Jusic's military service, contradictions between Jusic's testimony and the State Department report concerning treatment of Muslims in Serbia and Montenegro, and Jusic's lack of credible corroborating evidence. The reasons identified by the IJ to support the adverse credibility determination are cogent and specific, and a reasonable adjudicator would not be compelled to overturn them.

We further find that the IJ properly and expressly prevented the government's attorney from impeaching Jusic's testimony with the transcript of his asylum interview because it was not admitted into evidence. The IJ nevertheless reasonably relied on Jusic's admission that he made inconsistent statements at his asylum interview. The IJ also did not err in rejecting Jusic's explanation that he purposefully omitted relevant information from his testimony because he had no physical proof of it and because he could not remember the exact details of the events.

Finally, while Jusic claims the IJ erred in referring exclusively to the adverse credibility determination in denying his CAT claim, Jusic "has presented insufficient evidence independent of [his] own testimony to satisfy his burden under the CAT. Accordingly, as [Jusic's] testimony was not credible, and that testimony was crucial to [his] CAT claim, [he] is not entitled to CAT relief." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163 n. 18 (2d Cir.2006).

* The Clerk of Court is instructed to change the spelling of Mr. Harbison's name from "Harei-

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED.